## INTERSTATE POWER COMPANY AND ANOTHER v. FAIRBANKS, MORSE & COMPANY AND ANOTHER.[1]

March 22, 1935.

No. 30,267.

*Somsen & Dempsey,* for appellants.

*Kyle & Kyle, Harold G. Lund,* and *Poppenhusen, Johnston, Thompson & Cole,* for respondents.

*Harry H. Peterson,* Attorney General, *David J. Erickson,* Assistant Attorney General, and *Joseph M. Donahue* and *Dwight N. Johnson, amici curiae,* filed a brief in support of the contention of respondents.

PER CURIAM.

This is a companion case to Morgan v. Village of Mountain Lake, 194 Minn. 104, 259 N. W. 689, the opinion in which is filed herewith. The instant case was brought to set aside the contract between Fairbanks, Morse & Company and the village of Mountain Lake, which by its terms became effective when the election upon the questions quoted in the former opinion resulted in favor of the project submitted to the voters.

[1]Reported in 259 N. W. 691.

One of the grounds asserted as warranting the granting of the relief asked is that in the campaign preceding the election Fairbanks, Morse & Company violated the corrupt practices act. What we said in the Morgan case relative to the nonapplicability of that act to the election here involved disposes of that contention adversely to appellants.

Another ground urged for setting aside the contract is that Fairbanks, Morse & Company attached to its bid an illegal condition which vitiated its bid. The condition was as follows:

"Also in accordance with the specifications and the addenda thereof, our proposal is submitted on the basis that ouster proceedings will be instituted by the Mayor and Council of the Village of Mountain Lake in sufficient time so as to remove competition from the existing private utility within the immediate future after commencement of operation of the plant."

The franchise under which the Interstate Power Company was operating in the village of Mountain Lake, by its terms, would expire in April, 1934. At that time if it failed to secure a franchise for another period it would be in duty bound to cease to operate and to remove all its poles, wires, and other instrumentalities from the streets of the village in accordance with its agreement. Likewise, the village, after the favorable election, would be legally obligated to its citizens and taxpayers, as well as to Fairbanks, Morse & Company, to prevent unlawful competition. The condition required the doing of nothing more than the village was bound to do. It was manifestly not a substantial or material variance from the specifications. It did not give an advantage to Fairbanks, Morse & Company over other bidders, for any successful bidder would have been entitled to such action on the part of the village without an express agreement to that effect. The court found as a fact that all bidders knew when the power company's franchise terminated and that the condition was not beneficial to Fairbanks, Morse & Company nor injurious to the village.

Affirmed.

STONE, JUSTICE, took no part.